UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID REEDY,

    Plaintiff,                           Civil Action No. 16-13876
                                        Honorable Bernard A. Friedman
                v.                  Magistrate Judge Elizabeth A. Stafford

MICHAEL WEST, *et al.*

    Defendants.

_____/

# REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 15]

## I.    INTRODUCTION

Plaintiff David Reedy, a prisoner proceeding *pro se*, filed this action in October 2016 against defendants Michael West, Edwin Wade, Dave Martin, Paul Klee, Michael Lennox, and Mark Houser, all employees of the Michigan Department of Corrections (MDOC). [ECF No. 1]. Defendants are accused of ignoring Reedy's pleas to be moved due to his increasingly threatening cellmate, which allegedly resulted in him being violently attacked. [*Id.*]. Defendants now move for summary judgment, asserting that Reedy failed to exhaust his administrative remedies before filing suit.

[ECF No. 15].[1]  For the reasons set forth below, the Court **RECOMMENDS** that the defendants' motion for summary judgment be **DENIED**.

**I.  ANALYSIS**

**A.**

Federal Rule of Civil Procedure 56 provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986); *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011).  The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

When feasible, the Court will decide exhaustion disputes before addressing the merits of the claims. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014).  A dismissal for failure to exhaust administrative

---

[1] The Honorable Bernard A. Friedman referred all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b).  [ECF No. 16].

remedies, even when decided on summary judgment, is without prejudice. *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 994 (6th Cir. 2004).

The Prison Litigation Reform Act ("PLRA") requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (citation omitted) (emphasis in original). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim," but it is self-evident that an untimely or otherwise improperly filed grievance does not fulfill the exhaustion requirement. *Id.*; *see also Woodford,* 548 U.S. at 97. Before a civil rights claim based on a grievance may be dismissed for failure to properly exhaust, prison officials must "clearly reject[] a grievance for a reason *explicitly* set forth in the applicable

grievance procedure." *Burnett v. Howard*, No. 2:09-cv-37, 2010 WL 1286256, at *3 (W.D. Mich. Mar. 30, 2010) (emphasis added).

Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 sets forth a three-step procedure prisoners must follow in order to complete the administrative review process and properly exhaust grievances. A prisoner must attempt to informally resolve the problem with the allegedly offending staff, and then may file a Step I grievance regarding any unresolved issues with a grievance coordinator. MDOC Policy Directive 03.02.130, ¶ P and R (effective July 9, 2007).[2] The prisoner may then file a Step II grievance appeal within ten days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due. *Id.* at ¶ BB. The same schedule applies to a Step III appeal – it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the response was due. *Id.* at ¶ FF. Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before filing suit.

---

[2] The Policy Directive is available at:
https://www.michigan.gov/documents/corrections/03_02_130_200872_7.pdf

4

**B.**

Defendants have not met their initial burden of demonstrating the absence of a genuine dispute regarding Reedy's exhaustion of his administrative remedies. According to Reedy's Step III Grievance Report, submitted by defendants, he has only pursued two grievances through the Step III level, ARF-16-08-1800-28J ("28J") and ARF-16-08-1716-28A ("28A"). [ECF No. 15-3, PageID 72]. Both claims were rejected and closed allegedly because they were duplicative of a prior grievance. [*Id.*, PageID 75, 80]. Defendants assume that the initial grievance that was later alleged to be duplicated was ARF-16-07-1672-03B ("03B"), because Reedy argued in his Step III appeal of the 28A grievance that it was not duplicative of 03B. [*Id.*, PageID 79]. Defendants have not attached any records of 03B to their motion; the only record of 03B defendants provide is a note in the Step III Grievance Report stating that 03B was returned to Reedy because he failed to include the Step I and II documents. [*Id.*, PageID 72]. Defendants reiterate in their motion that this was the reason 03B was returned to Reedy. [ECF No. 15, PageID 52]. They argue that because 03B was returned to Reedy at Step III for failure to include required documentation, and because 28J and 28A were duplicative of 03B, none of Reedy's grievances were properly exhausted.

5

But Defendants provide no authority to support a finding that Reedy was required to include the Step I and Step II documents with his Step III appeal. In fact, the applicable MDOC Policy Directive only requires prisoners submit a Step III grievance form, and does not reference any other necessary documents. 03.02.130, ¶ FF. And ¶ H of the directive bars MDOC personnel from denying a grievance solely because it does not have specific documents attached. *Id.* Thus, there is a genuine issue of material fact as to whether 03B was properly rejected.

Further, while duplicative grievances are improper and cannot serve as the basis for exhaustion, (PD 03.02.130, ¶ G), whether the grievance is truly duplicative of another grievance is a question of fact. As noted in *Johannes v. Washington*, No. 14-11691, 2016 WL 1253266, at *6 (E.D. Mich. Mar. 31, 2016), the mere rejection of a grievance as duplicative by MDOC staff does not render the underlying claims unexhausted as a matter of law. The issues in the later grievances must be compared to the earlier grievance to determine whether a reasonable jury could find the rejection improper before summary judgment can be granted. *Id.* As in *Johannes*, defendants here have failed to even provide a copy of the first grievance. *Id.* The Court cannot assess whether the later grievances are truly duplicative of the first.

Thus, MDOC failed to follow its own procedures by returning a Step III grievance to Reedy in contravention of 03.02.130 ¶ H, and defendants have not provided any factual basis for the claim that Reedy's later grievances were duplicative of the earlier. Both issues serve as independent and sufficient bases to deny the present motion.

## II. CONCLUSION

For the preceding reasons, the Court **RECOMMENDS** that the defendants' motion for summary judgment [ECF No. 15] be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 22, 2017

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 22, 2017.

                                               s/Marlena Williams
                                               MARLENA WILLIAMS
                                               Case Manager